

January 10, 2023

**Via PACER**
Honorable Mae D'Agostino
United States District Court
Northern District of New York
James T. Foley US Courthouse
445 Broadway Street
Albany, NY 12203

**SYRACUSE**
4615 North Street
Jamesville, NY 13078
p 315.492.3000
f 716.853.0265

kslnlaw.com

  **Re:** Pace v. Cortland County, et al
    Civil Case No.: 5:22-CV-1211
    KSLN File No.: COO 30478

Your Honor:

I represent defendants, THE COUNTY OF CORTLAND, CORTLAND COUNTY SHERIFF'S OFFICE, CORTLAND COUNTY SHERIFF MARK HELMS, COUNTY POLICE OFFICERS CODY SANDY, DOMINIC CARACCI, AMBER MORSCH AND DEAN STRICKLAND (collectively "the County defendants"), in this matter. I am in receipt of the summons and complaint that plaintiff, ANTHONY AA PACE ("Plaintiff"), filed on PACER on November 17, 2022, and served on the County on December 28, 2022.

Per Your Honor's rules, <u>I write to request permission to file a FRCP Rule 12(b)(1)-(6) pre-answer motion to dismiss</u> the federal and state law clams against the County defendants on grounds that some of the claims are time-barred, while the others fail to state a claim for relief. Assuming Your Honor grants this request, <u>Additionally, I request an extension of time to file the motion to January 31, 2023</u> (from the current deadline of January 17, 2023), as I anticipate that the co-defendants' attorney may make a similar request to file a motion of their own.

A brief, but non-exhaustive recitation of the reasons supporting the County defendants' proposed motion to dismiss are as follows:

1. **Claims Against County Administrative Offices and Official Capacity Claims Against County Employees are Redundant and Should be Dismissed.**

"[U]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and therefore, cannot sue or be sued." *Zennamo*, 2022 U.S. Dist. LEXIS 168229, *9-10 (N.D.N.Y. 2022). Similarly, it is well established that a 42 U.S.C. § 1983 suit against a municipal officer in his or her official capacity is treated as an action against the municipality itself. *See Coon v. T/O Springfield*, 404 F.3d 683 (2nd Cir. 2005).

Therefore, all claims against the CORTLAND COUNTY SHERIFF'S OFFICE, CORTLAND COUNTY SHERIFF MARK HELMS, COUNTY POLICE OFFICERS CODY SANDY, DOMINIC CARACCI, AMBER MORSCH AND DEAN STRICKLAND, should be dismissed.

2. **Plaintiff's First Cause of Action for First and Fourteenth Amendment Violations Should be Dismissed.**

Case 5:22-cv-01211-MAD-ATB    Document 9    Filed 01/10/23    Page 2 of 7

Pace v. Cortland County, et al.
Civil Case No.: 5:22-CV-01211
KSLN File No.: COO 30478
January 10, 2023
Page 2

To recover on a First Amendment claim under § 1983, a plaintiff "must demonstrate that his conduct is deserving of First Amendment protection and that the defendants' conduct of harassment was motivated by or substantially caused by his exercise of free speech."[1] Whether the First Amendment protects particular speech requires the court to consider "the nature of the forum in which the speaker's speech is restricted."[2]

Plaintiff's recording in the courthouse is <u>undeserving</u> of First Amendment protection. "The function of a courthouse and its courtrooms is principally to facilitate the smooth operation of a government's judicial functions," which is "likely to be incompatible with expressive activities inside a courthouse."[3] Consequently, "Supreme Court and Second Circuit precedent are clear that a courthouse is a nonpublic forum."[4] Inside a non-public forum, "governmental restrictions on expressive conduct or speech are constitutional so long as they are reasonable in light of the use to which the forum is dedicated and 'are not an effort to suppress expression merely because public officials oppose the speaker's view.' "[5] Reasonableness "must be assessed in light of the purpose of the forum and all the surrounding circumstances."[6]

The Administrative Rules of the New York State Unified Court System state, in relevant part:

> Taking photographs, films or videotapes, or audiotaping, broadcasting or telecasting, in a courthouse including any courtroom, office or hallway thereof, at any time or on any occasion, whether or not the court is in session, is forbidden, unless permission of the Chief Administrator of the Courts or a designee of the Chief Administrator is first obtained.[7]

This administrative rule is viewpoint neutral and reasonable considering the function of a courthouse. Plaintiff does not claim that he requested or received permission to record video inside the court or the building. Indeed, Plaintiff was told to leave the court room only after multiple warnings about cell phone use. Because Plaintiff had no First Amendment right to record video inside the courthouse, his First Amendment claims should be dismissed.[8]

### 3. Plaintiff's Second, Third, and Fourth Causes of Action Should be Dismissed on Grounds that Probable Cause Existed to Effectuate His Arrest.

Plaintiff's second, third, and fourth causes of action appear to be based on claims of violation of the Fourth and Fourteenth Amendments, which he claims amount to, in essence, false arrest and malicious prosecution. *See* dkt. #1 at ¶¶139-160. However, "[t]he existence of probable cause is a complete defense to a claim of malicious prosecution."[9]  "In the context of a malicious prosecution

---

[1] *Rattner v. Netburn*, 930 F.2d 204, 208 (2d Cir. 1991).
[2] *Huminski v. Corsones*, 396 F.3d 53, 89 (2d Cir. 2004).
[3] *Id.* at 91.
[4] *Washpon v. Parr*, 561 F. Supp. 2d 394, 408 (S.D.N.Y. 2008); *see also United States v. Grace*, 461 U.S. 171, 178 (1983) (holding that the Supreme Court building and its grounds other than public sidewalks are not public forums).
[5] *Washpon*, 561 F. Supp. 2d at 408-09.
[6] *Cornelius v. NAACP Legal Defense and Educational Fund, Inc.*, 473 U.S. 788, 809 (1985).
[7] 22 N.Y.C.R.R. § 29.1(a).
[8] *Leibovitz v. Barry*, No. 15-CV-1722 (KAM), 2016 WL 5107064, at *7 (E.D.N.Y. Sept. 20, 2016).
[9] *MICHAEL THORPE et al., Plaintiffs, v. NICOLE DUVE et al., Defendants. Additional Party Names: Amanda Nissen, City of Ogdensburg Police Dep't, David Layng, Harry McCarthy, Michael Durand, Robert Wescott*, No. 715CV736GLSTWD, 2020 WL 5763941, at *3 (N.D.N.Y. Sept. 28, 2020); *Dufort v. City of New York*, 874 F.3d 338, 351 (2d Cir. 2017).

Pace v. Cortland County, et al.
Civil Case No.: 5:22-CV-01211
KSLN File No.: COO 30478
January 10, 2023
Page 3

cause of action, probable cause consists of such facts and circumstances as would lead a reasonably prudent person in like circumstances to believe plaintiff guilty[10] ... It is well established that information provided by an identified citizen accusing another of a crime is legally sufficient to provide the police with probable cause to arrest."[11]

Here, there exists supporting information documents from both CPO Sandy and CPO Caracci that establish probable cause. On these grounds, it appears probable cause existed to effectuate an arrest. Therefore, it would appear dismissal on these grounds would be warranted.

### 4. Plaintiff's Fifth Cause of Action for Conspiracy Should Be Dismissed for Failure to State a Claim.

Plaintiff has claimed a conspiracy existed surrounding his arrest. *See* dkt. #1 at ¶¶161-168. However, for reasons already articulated elsewhere herein, Plaintiff's claims of conspiracy should be dismissed on grounds that his conduct was not protected and his arrest was justified.

### 5. Plaintiff's Sixth Cause of Action Should Be Dismissed for Failure to State a Claim.

Plaintiff appears to claim a violation of NYPL 175.2 and 195 for tampering with public records and official misconduct for the alleged failure to furnish documents pertaining to the trespass charge that was ultimately dropped and for which he claims he was maliciously prosecuted. However, irrespective of the truth of any such allegations, the existence of probable cause to arrest Plaintiff for trespass constitutes grounds for dismissal of this claim.

### 6. Plaintiff's Seventh Cause of Action Should be Dismissed as There is No Dispute that the County Employed the Named Defendants in Their Employ.

Plaintiff's seventh cause of action is for negligent hiring, training, supervision and retention. *See* dkt. #1 at ¶¶175-184. However, given that the County personnel named in the suit are already allegedly employed by the County, this claim should be dismissed. On this point, *Hernandez v. Denny's Corp.*, 177 A.D.3d 1372, 1375 (4th Dept. 2019), is instructive. There, the Court – in dismissing a similar claim – held as follows:

> We further agree with defendants on their appeal that the court erred in denying that part of their cross motion seeking summary judgment dismissing the third cause of action, alleging negligent hiring, retention, supervision, and training, and we therefore further modify the order accordingly. There is no dispute here that Stucchi and Jones were acting within the scope of their employment, and thus a cause of action against Gills for negligent hiring, retention, supervision, and training does not lie; Gills's liability, if any, is pursuant to the theory of respondent superior (*see Owen v State of New York* [appeal No. 2], 160 AD3d 1410, 1411-1412, 76 NYS3d 330 [4th Dept 2018]; *Watson v Strack*, 5 AD3d 1067, 1068, 773 NYS2d 676 [4th Dept 2004]).

---

[10] *Bratge v. Simons*, 173 A.D.3d 1623, 1624–25, 102 N.Y.S.3d 818, 820 (2019)
[11] *Broyles v. Town of Evans*, 147 A.D.3d 1496 (4th Dept. 2017); (*Dann v. Auburn Police Dept.,* 138 A.D.3d 1468, 1470, 31 N.Y.S.3d 335 [4th Dept 2016] [internal quotation marks omitted]; *see Mahoney v. State of New York*, 147 A.D.3d 1289, 1291, 47 N.Y.S.3d 798 [3d Dept. 2017], *lv denied* 30 N.Y.3d 906, 2017 WL 5560541 [2017]; *Lyman v. Town of Amherst*, 74 A.D.3d 1842, 1843, 903 N.Y.S.2d 626 [4th Dept 2010] ).

Pace v. Cortland County, et al.
Civil Case No.: 5:22-CV-01211
KSLN File No.: COO 30478
January 10, 2023
Page 4

Applying *Hernandez*, here, the Court - on identical grounds (i.e., given the officers' undisputed status as acting within their scope of employment) – should dismiss this claim.

### 7. Plaintiff's Eighth Cause of Action is Time-Barred.

Plaintiff included a claim for violation of 42 U.S.C. §1983, based on the Fourth and Fourteenth Amendments, as well as the NY Constitution, against Officers Sandy and Strickland for actions concerning an alleged unlawful entry into his home on September 11, 2016. *See* dkt. #1 at ¶¶ 185-191.  Even though Plaintiff appears to acknowledge it is time-barred, he relies on his status as a *pro se* plaintiff in an attempt to stave off dismissal. *See id.*  However, despite his *pro se* status, the Court may not excuse the statute of limitations which, for these claims, is three years. *See e.g., Walker v. Flynn*, 2022 U.S. Dist. LEXIS 112606, at *10 n.5 (N.D.N.Y. June 27, 2022).  Given the action was commenced over six (6) years after the alleged incident, this cause of action should be dismissed.

### 8. Plaintiff's Ninth Cause of Action Under *Monell* is Subject to Dismissal.

Your Honor in *Morgan v. City of Utica*, 2021 U.S. Dist. LEXIS 97271, at *4-5 (N.D.N.Y. May 21, 2021), addressed a *Monell* at the Rule 12(b)(6) stage, stating (and ruling) as follows:

> A municipality "may not be held liable under Section 1983 unless the challenged action was performed pursuant to a municipal policy or custom." *Powers v. Gipson*, No. 04-CV-6338, 2004 U.S. Dist. LEXIS 32192, 2004 WL 2123490, *2 (W.D.N.Y. Sept. 14, 2004) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)). This is because "[m]unicipalities are not subject to Section 1983 liability solely on the basis of a *respondeat superior* theory." 2004 U.S. Dist. LEXIS 32192, [WL] at *2. As a result, to demonstrate *Monell* liability, a plaintiff must allege a violation of constitutional rights by employees of the municipality and "(1) 'the existence of a municipal policy or custom . . . that caused his injuries beyond merely employing the misbehaving officer[s]'; and (2) 'a causal connection—an "affirmative link"—between the policy and the deprivation of his constitutional rights.'" *Harper v. City of New York*, 424 Fed. Appx. 36, 38 (2d Cir. 2011) (quoting *Vippolis v. Village of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985)).
>
> A plaintiff may plead a municipal policy or custom by alleging: (1) a formal policy, promulgated or adopted by the entity; or (2) that an official with policymaking authority took action or made a specific decision which caused the alleged violation of constitutional rights; or (3) the existence of an unlawful practice by subordinate officials that was so permanent or well settled so as to constitute a custom or usage, and that the practice was so widespread as to imply the constructive acquiescence of policymaking officials. *Shepherd v. Powers*, No. 11-CV-6860, 2012 U.S. Dist. LEXIS 141179, 2012 WL 4477241, *9 (S.D.N.Y. Sept. 27, 2012) (internal quotation marks omitted).
>
> Plaintiff's complaint does not allege any policy or custom.

Here, Plaintiff has similarly pled boilerplate allegations of municipal liability with no other support except for an irrelevant allegation regarding a legislator's alleged statement that "missteps" are not

Case 5:22-cv-01211-MAD-ATB   Document 9   Filed 01/10/23   Page 5 of 7

Pace v. Cortland County, et al.
Civil Case No.: 5:22-CV-01211
KSLN File No.: COO 30478
January 10, 2023
Page 5

shamed. *See* dkt. #1 at ¶¶192-203.  Given that these allegations are insufficient to form the basis of a *Monell* claim, this cause of action should be dismissed.

### 9. Several of Plaintiff's Requests for Relief Require Dismissal.

   a. <u>Plaintiff's declaratory judgment request is inappropriate as it merely concerns past conduct.</u>

As set forth by the court in *Febres v. Yale New Haven Hosp.*, 2019 U.S. Dist. LEXIS 219848, at *13 (D. Conn. Dec. 23, 2019):

> declaratory relief serves to "settle legal rights and remove uncertainty and insecurity from legal relationships without awaiting a violation of the rights or a disturbance of the relationships." *Colabella v. American Inst. of Certified Pub. Accountants*, 10-CV-2291 (KAM) (ALC), 2011 U.S. Dist. LEXIS 110982, 2011 WL 4532132, at *22 (E.D.N.Y. Sep. 28, 2011) (citations omitted). As such, "[d]eclaratory relief operates prospectively to enable parties to adjudicate claims before either side suffers great damages." *Orr v. Waterbury Police Dep't*, No. 3:17-CV-788 (VAB), 2018 U.S. Dist. LEXIS 21121, 2018 WL 780218, at *7 (D. Conn. Feb. 8, 2018). In *Orr*, the court dismissed the request for declaratory judgment that the defendants had violated the plaintiff's Fourth Amendment rights during his arrest because the request "concern[ed] only past actions." *Id.* Here, Febres seeks a similar declaration—that Officer Ware's past conduct was unconstitutional.

Similarly, here, Plaintiff seeks a declaratory judgment that he "is factually innocent of the charge of trespass; that the People refused to prosecute." *See* dkt. #1. Given that Plaintiff, like *Febres*, seeks a declaration regarding past conduct, it, too, should be dismissed.

   b. <u>Plaintiff has not carried his burden for an injunction.</u>

Your Honor in *New Hope Family Servs. v. Poole*, 2022 U.S. Dist. LEXIS 160590, at *17 (N.D.N.Y. Sep. 6, 2022), set forth the standard for permanent injunctions as follows:

> "The standard for a permanent injunction is comparable to that of a preliminary injunction, except that Plaintiffs must show actual success on the merits." *Nnebe v. Daus*, 510 F. Supp. 3d 179, 189 (S.D.N.Y. 2020), *aff'd*, 2022 U.S. App. LEXIS 11207, 2022 WL 1220204 (2d Cir. Apr. 26, 2022) (citations omitted). Accordingly, to obtain a permanent injunction, a plaintiff must show
>
> (1) success on the merits; (2) an irreparable injury; (3) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (4) that considering the balance of hardships between plaintiffs and defendants, an equitable remedy is warranted; and (5) that the public interest would not be disserved by a permanent injunction.

Here, Plaintiff has not made any such showing. Accordingly, this request for relief should be dismissed.

### c. Punitive damages are not available against municipalities.

As recognized by this Court in *Alexander v. Cnty. of Onondaga*, No. 5:08-CV-748, 2009 U.S. Dist. LEXIS 40009, at *19 (N.D.N.Y. May 12, 2009), "[m]unicipalities and municipal employees sued in their official capacity are immune from punitive damages." Thus, to the extent Plaintiff seeks punitive damages against the County or its employees or agents in their official capacity, those claims should be dismissed.

### d. IIED claims should be dismissed as such claims against municipalities are against policy, and in any event, are not only time-barred against the alleged defendants, but are also insufficiently pleaded or are highly disfavored causes of action.

It is well settled that public policy bars claims sounding in intentional infliction of emotional distress against a governmental entity. *Lauer v. City of New York*, 240 A.D.2d 543, 544 (1997). Thus, Plaintiff's IIED claim against the County defendants requires dismissal.

As for any claim of IIED against County defendants in their personal capacity, pursuant to C.P.L.R. § 215(3) the statute of limitations in New York for a claim of intentional infliction of emotional distress is one year. *Baggett v. Town of Lloyd*, 2011 WL 4565865 (N.D.N.Y. Sept. 29, 2011) (citing *Dawkins v. Williams*, 413 F. Supp.2d 161, 177 (N.D.N.Y. 2006)). The notice of claim requirement does not apply to the officers in their personal capacity, only in his official capacity. Given that the incident occurred on November 18, 2019, and Plaintiff did not file a complaint until November 17, 2022, it is time-barred.

As for substance, in order to assert a valid claim for IIED pursuant to New York law, a plaintiff must demonstrate the following elements: (i) extreme and outrageous conduct, (ii) an intent to cause, or disregard of substantial probability of causing, severe emotional distress, (iii) a causal connection between the conduct and the injury, and (iv) the resultant severe emotional distress. *Howell v. New York Post Co.*, 81 N.Y.2d 115, 121, 612 N.E.2d 699, 596 N.Y.S.2d 350 (N.Y. 1993). IIED claims are only viable when the plaintiff establishes that they were subjected to conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Murphy v. Am. Home Prods. Corp.*, 58 N.Y.2d 293, 303, 448 N.E.2d 86, 461 N.Y.S.2d 232 (N.Y. 1986).

Here, there are no facts to establish extreme or outrageous conduct by the County defendants. Accordingly, it should be dismissed.

Finally, it bears mentioning that intentional infliction of emotional distress is a highly disfavored tort under New York law, *Lloyd v. City of New York*, 246 F. Supp. 3d 704, 730 (S.D.N.Y. 2017); Turley, 774 F.3d at 158 (quoting *Nevin v. Citibank, N.A.*, 107 F.Supp.2d 333, 345–46 (S.D.N.Y. 2000)), and it is to be invoked only as a last resort. *Id*. (quoting *McIntyre v. Manhattan Ford, Lincoln–Mercury, Inc.*, 256 A.D.2d 269, 270, 682 N.Y.S.2d 167 (1st Dep't 1998)). Under New York law, an intentional infliction tort may be invoked only as a last resort to provide relief in those circumstances where traditional theories of recovery do not. *Salmon v. Blesser*, 802 F.3d 249, 256 (2d Cir. 2015) (internal citations omitted). Thus, to the extent that any of the other causes of action survive, the IIED cause of action should be dismissed as a matter of law.

Accordingly, Plaintiff's claim of IIED against the County defendants should be dismissed.

Pace v. Cortland County, et al.
Civil Case No.: 5:22-CV-01211
KSLN File No.: COO 30478
January 10, 2023
Page 7

    e. <u>NIED claims are unsupported by the allegations in the complaint.</u>

The elements of an action for NIED are a breach of a duty owed to plaintiff which exposes him or her to an unreasonable risk of bodily injury or death. *Bovsun v. Sanperi*, 61 NY2d 219, 461 N.E.2d 843, 473 N.Y.S.2d 357 (1984). While physical injury is not a necessary element of a cause of action to recover for negligent infliction of emotional distress, such a cause of action must generally be premised upon conduct that unreasonably endangers a plaintiff's physical safety or causes the plaintiff to fear for her own safety. *Saava v Longo*, 8 AD3d 551, 779 N.Y.S.2d 129 [2004]; *Johnson v New York City Board of Education*, 270 AD2d 310, 704 N.Y.S.2d 281 [2000]). A cause of action for either intentional or negligent infliction of emotional distress must be supported by allegations of conduct by a defendant "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community'" *Murphy v American Home Prods. Corp.*, 58 NY2d 293, 303, 448 N.E.2d 86, 461 N.Y.S.2d 232 [1983] [citation omitted]; *see also Howell v New York Post Co.*, 81 NY2d 115, 121-122, 612 N.E.2d 699, 596 N.Y.S.2d 350 [1993]).

Here, as with the IIED claim, dismissal is appropriate as there is simply no facts in the record to suggest that the County defendants' conduct was so extreme in degree as to support a NIED claim. On these grounds, dismissal is warranted.

Should Your Honor require any further, please do not hesitate to contact me.

Respectfully,

KENNEY SHELTON LIPTAK NOWAK LLP

David H. Walsh, Esq.
DHWalsh@kslnlaw.com

DHW/dkc

cc (via PACER Only):

- Anthony A.A. Pace, Plaintiff, *pro se*
- Gerald O'Connor, Esq. (attorney for the co-defendants)